JOSEPH W. MATHEWS, Gov., use, &c., *vs.* SAMUEL HAMBLIN et al.

Where A. sued B. for the penalty of a bond, and the defendant pleaded performance generally, setting out the condition of the bond; the plaintiff replied to this plea that B. as sheriff had collected divers fees by virtue of executions legally placed in his hands, which belonged to C., a former sheriff of the same county, which said fees by said C. had been assigned to A., and the said B. had failed and refused to pay the same to the said A. To this replication B. rejoined, that before the said supposed assignment by C. to A. and the accrual of any right of action thereon to A, said C. did duly set over, transfer, and appropriate to divers persons, namely, D. and others, the fees collected by the said B. as sheriff, &c., and the said B. became liable to pay the said D. and others, an amount fully equal to the amount of fees collected by him for C. To this rejoinder A. demurred, and assigned as the chief ground, — first, that the rejoinder is a departure from the plea of general performance; second, it omits to state the date at which the transfers were made to D. and others by C. *Held*, that the court below did not err in overruling the demurrer.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

The opinion of the court contains the facts of the case.

*S. Scott* and *F. Smith*, for appellant.

In an action of debt on bond, conditioned for performance of covenants, if the defendant plead performance, and the plaintiff reply and assign a breach, the defendant cannot rejoin any matter in excuse of performance. 1 Chitty's Pleadings, 7th American edition from 6th London edition, title " Qualities of a Replication," p. 682, 683; 2 Saunders, R. 84 *c.*; Co. Litt. 304 *a.*

In 2 Saunders, Rep. 84 *d*, it will be seen that departure is a defect in substance, and not in form merely, and will be so held on general demurrer.

On the facts thus presented by the demurrer and the rejoinder, the general rule recognized in all the authorities and the entire weight of authority is with the plaintiff. That general rule is

this, that the assignee of a chose in action takes it subject to all the equities between the obligor and obligee, but not to the latent equity of a third person. *Murray* v. *Lylburn*, 2 J. Ch. R. 441; *Livingston* v. *Dean*, 2 Ib. 479; and *Murray* v. *Ballou*, 1 J. Ch. R. 566.

*H. A. H. Lawson*, for appellee.

The first ground of demurrer to the rejoinder was that the rejoinder was a departure from the plea of general performance. Departure in pleading is defined by Gould's Pleading, 453, § 65, to be " the dereliction of an antecedent ground of complaint or defence for another, distinct from and not fortifying the former." The declaration was in debt. The plea set out the condition of the bond, and pleaded performance of the condition. The plaintiff assigned breaches that Hamblin as sheriff had collected large sums of money due to Flournoy, and that Flournoy had assigned the same to plaintiff, and that Hamblin had not paid over the same to him. The defendants in reply say that said Flournoy assigned all sums so collected to certain persons, naming them, before the assignment to plaintiff, and Hamblin became liable to pay the same to the persons to whom the assignment was so made. It appears to us that this replication is perfectly consistent with the first plea, and does not set up a defence distinct from that stated in the first plea. That Flournoy had assigned, and that Hamblin became liable to pay such assignees, is consistent with the idea that he had performed the conditions in the bond, so far as relates to Wadlington's rights. Here was no breach to his injury. This plea of general performance is allowable wherever a subject comprehends a multiplicity of matters to avoid prolixity. See 1 Saunders, R. note 1, page 117. In *Lee* v. *Gardiner*, Opinion Book, December, 1853. That the allegation in the replication of a waste of the proceeds of the sale of the intestate's land is not a departure from the averment in the declaration of a *devastavit* of the " credits and moneys" which were of the deceased at the time of his death. *Lee* v. *Gardiner*, 26 Miss. R. 521. Plaintiffs in their brief rely mainly on the second and

tenth grounds of demurrer. That is, that the plea sets up latent equities in third persons, which may have been settled or discharged. It is insisted that the fund in Hamblin's hands was but an equity in favor of both the assignees. 2 How. 442.

Mr. Chief Justice SMITH, delivered the opinion of the court.

This action was brought for the use of the plaintiff in error, Warner W. Wadlington, on the official bond of the defendant Hamblin as the sheriff of Madison county. A judgment final was rendered in favor of the defendants, whereupon this writ of error was sued out.

The exceptions to the judgment arise on the demurrer of the plaintiff to the defendants' rejoinder. The declaration was in the usual form for the penalty of the bond. The defendant pleaded performance generally, setting out the condition of the bond. The plaintiff replied to this plea that Hamblin, as sheriff of said county, had collected divers fees, by virtue of executions legally placed in his hands, which belonged to Samuel Flournoy, a former sheriff of Madison county, which said fees, by said Flournoy had been assigned to the said Wadlington, and the said Hamblin had failed and refused to pay the same to the said Wadlington. To this replication the defendant rejoined, that before the said supposed assignment by Flournoy to Wadlington of the fees, &c., and of the accrual of any right of action thereon to Wadlington, said Flournoy "did duly set over, transfer, and appropriate to divers persons, namely, to Samuel D. Livingston" and others, the fees, &c., collected by the said Hamblin as sheriff as aforesaid, for and on account of fees due to said Flournoy; and that said Hamblin became liable to pay to said Livingston and others severally, sums of money in the aggregate fully equal to the amount of fees collected by him for Flournoy.

The plaintiff demurred to this rejoinder, and assigned numerous causes of demurrer. Only two of which, however, are relied on. The first of which is, that the rejoinder of the defendant was a departure from his plea of general performance.

It is evident, the rejoinder was not a departure from the defence alleged in the plea. The averments contained in the re-

joinder were but a more minute and circumstantial restatement of the ground of defence set up in the plea, in reply to the averments contained in the plaintiff's replication. The rejoinder was in nowise an abandonment of the ground of defence presented by the plea of covenants performed; but on the contrary it fortified the allegations of that plea, by averring the performance of the acts, the non-performance of which were alleged in the replication as breaches of the condition of the bond. Gould's Pl. 453, 65.

The second ground is, that while the rejoinder avers that the defendant Hamblin " did duly set over, transfer, and appropriate " the sums of money collected on account of the fees which were due to Flournoy, and for the recovery of which the suit was brought, and had become liable therefor to the persons to whom they were transferred, it has omitted to state the date at which the transfers were made, and hence that the rejoinder has failed to show a title in the assignees superior to that asserted by Wadlington.

In support of this exception it is said, that although it may be true that Wadlington took the assignment from Flournoy subject to all equities which exist in behalf of Hamblin, he nevertheless took it discharged of all latent equities which might exist in third persons. Hence it is contended that the rejoinder should have averred, not only that the assignment to Livingston and others was prior to Wadlington's assignment, but also that the assignees gave due notice to Hamblin, or that Hamblin had become responsible to them before he had notice of Wadlington's assignment.

This objection and the argument in support of it seem to be based upon a misconception of the legal import and effect of the allegation contained in the rejoinder. For if the assignees claiming under the prior assignment had given notice to Hamblin before he had notice of Wadlington's assignment, it is conceded that Wadlington would not have been entitled to recover in this action. Whereas it is distinctly averred in the rejoinder that the assignment to Livingston and others was made, and that Hamblin became liable to them severally for divers sums of money which in the aggregate amounted fully to the sum of

money collected, and due by Hamblin on account of the fees and costs due to Flournoy. Taking the averments of the rejoinder to be true, and their truth was admitted by the demurrer, Hamblin not only had notice of the first assignment made by Flournoy, he had also made, so far as the question of his responsibility is concerned, an appropriation of the fund, the subject of both assignments, to the parties claiming under the first. If the position of the parties in regard to the assignments had been reversed; if Wadlington had been the elder instead of the junior assignee, but failing to give notice to the holder of the fund, it is clear upon reason and authority, that a payment, or any act done which would amount to a legal appropriation of it to the junior assignees, would discharge the equitable title of Wadlington, (Leading Cases in Eq. 2, 213, and cases cited). Much more, therefore, was Hamblin exonerated from Wadlington's equitable claim by the facts averred in the rejoinder.

Other questions were raised and discussed; but believing the judgment to be correct, it is deemed unnecessary to notice them in detail. Judgment affirmed.

HANDY, J., having been of counsel in the court below, took no part in the consideration of this case.